NOT FOR PUBLICATION (Doc. No. 15)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| THE PHILADELPHIA CONTRIBUTIONSHIP INSURANCE COMPANY, | |
| Plaintiff, | Civil No. 11-4684 (RBK/JS) |
| v. | **OPINION** |
| VINCENT MALCOLM, SR., ERNESTINE MALCOLM, and VINCENT MALCOLM, Jr., | |
| Defendants. | |

**KUGLER**, United States District Judge:

The instant matter concerns an action for declaratory judgment by an insurance company against its insured policyholders, in which the insurance company seeks a declaration that it is not responsible for defending or indemnifying its insured policyholders for an underlying claim against them. The matter is currently before the Court on a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 as to this declaratory judgment, by Plaintiff The Philadelphia Contributionship Insurance Company ("Plaintiff") against Defendants Vincent Malcolm, Sr., Ernestine Malcolm, and Vincent Malcolm, Jr. (collectively, "Defendants"). Defendants do not oppose Plaintiff's motion. For the following reasons, Plaintiff's motion for summary judgment is **GRANTED**.

1

I. **BACKGROUND**

Plaintiff issued Homeowners Policy No. 322516 to Vincent Malcolm, Sr., effective from September 21, 2007 to September 21, 2008 ("the Policy"). Id. ¶ 12. The Policy provides personal liability coverage within specified limits per "occurrence" as defined in the Policy. Id. ¶ 13. Plaintiff's Complaint seeks a declaratory judgment finding that Plaintiff has no duty under the Policy to defend or indemnify Defendants for the events detailed in a lawsuit captioned Robert Hinaman v. Vincent Malcolm, Sr., et al., in the Superior Court of New Jersey, Law Division, Docket No. CAM-L-556-10 (the "Underlying Lawsuit").

Plaintiff filed its Complaint on August 12, 2011, seeking Declaratory Relief pursuant to 28 U.S.C. § 2201, et seq. Pl. Statement of Material Facts Not in Dispute ("SUF") ¶ 2. Plaintiff personally served Defendants with the Complaint. Id. ¶ 3. Defendants failed to answer or respond to the Complaint. Id. ¶ 5. Accordingly, Plaintiff filed a Request to Enter Default as to all Defendants on December 13, 2011. Id. ¶¶ 6-8. Since Defendants did not respond to the Request to Enter Default, the Clerk of Court entered default against each of the Defendants on December 14, 2011. Id. ¶ 9.

II. **STANDARD**

Summary judgment is appropriate where the court is satisfied that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'"

Marino v. Indus. Crating Co., 358 F.3d 241, 247 (3d Cir. 2004) (quoting Anderson, 477 U.S. at 255).

"[T]he party moving for summary judgment under Fed.R.Civ.P. 56(c) bears the burden of demonstrating the absence of any genuine issues of material fact." Aman v. Cort Furniture Rental Corp., 85 F.3d 1074, 1080 (3d Cir. 1996). The moving party may satisfy its burden either by "produc[ing] evidence showing the absence of a genuine issue of material fact" or by "'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). If the moving party satisfies its burden, the nonmoving party must respond by "set[ting] out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). "If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party." Id. A party cannot oppose a motion for summary judgment by simply relying on the pleadings in its defense. Fed. R. Civ. P. 56(e).

### III. DISCUSSION

As noted above, default has been entered against each of the Defendants in this matter, and Defendants do not oppose Plaintiff's motion for summary judgment. "A consequence of the entry of a default judgment is that 'the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990). Defendants neither dispute Plaintiff's Statement of Undisputed Material Facts, nor produce any factual evidence in opposition to Plaintiff's motion for summary judgment. Accordingly, the Court accepts all of the facts set forth in Plaintiff's Statement of Material Facts and Plaintiff's authenticated and verified exhibits as true. As explained below, the Court finds that Defendants have failed to raise any genuine issues of material fact to defeat

Plaintiff's motion for Summary Judgment.  The Court is further satisfied that Plaintiff has shown "that there is an absence of evidence to support the nonmoving party's case."  See Celotex, 477 U.S. at 325.

The Complaint in the Underlying Lawsuit alleges that on February 7, 2008, Robert Hinaman was injured by the negligent acts or omissions of Defendants Vincent Malcolm, Sr. and Ernestine Malcolm, the parents of Defendant Vincent Malcolm, Jr. at the residence of 1016 Turnersville Road, Pine Hill, NJ.  Pl. Ex. A. ¶¶ 10-11.  The Underlying Lawsuit involves damages claims relating to Defendant Vincent Malcolm, Jr.'s negligently and intentionally inflicted torts, and Defendants' Vincent Malcolm, Sr.'s and Ernestine Malcolm's negligent failure to supervise a minor.  Plaintiff alleges that Defendants have never notified Plaintiff that the Underlying Lawsuit was filed against them.  Hinaman's counsel in the Underlying Lawsuit notified Plaintiff of the existence of the Underlying Lawsuit after default had already been entered against each Defendant in the Underlying Lawsuit.  Pl. SUF ¶ 25.  Accordingly, Plaintiff filed the instant lawsuit for declaratory judgment regarding Plaintiff's disclaimer of coverage in the Underlying Lawsuit.

Plaintiff seeks a declaration that the allegations in the Underlying Lawsuit do not state a claim that Plaintiff is required to defend or indemnify.  Specifically, Plaintiff argues that the claims in the Underlying Lawsuit do not allege an "occurrence" as defined and used in the Policy.  Furthermore, Plaintiff argues that even if the Complaint in the Underlying Lawsuit alleged an "occurrence," the Policy excludes coverage for "Expected or Intended Injuries" that allegedly occurred.  Finally, Plaintiff argues that it should not be required to defend or indemnify Defendants because Defendants failed to satisfy certain "Conditions" for coverage, one of which

4

is the requirement of prompt and adequate notice to Plaintiff of any claim pending against Defendants of which Defendants believe that they are entitled to coverage. Def. br. at ¶¶ 35-37.

### A. Whether the Underlying Lawsuit Alleges an "Occurrence"

Plaintiff argues that the Underlying Lawsuit does not allege an "occurrence," as defined in the Policy. An "occurrence" is defined as "an <u>accident</u>, including continuous or repeated exposure to substantially the same general harmful conditions, which results, during the policy period, in: a. 'Bodily injury'; or b. 'Property damage'." Pl. Ex. B at 1-2. Based on this definition, the Court finds that Plaintiff is not required to defend or indemnify Defendants for Count III of the Complaint in the Underlying Action, because Count III seeks damages for Defendants' "intentional[], willful[], and wanton[] assault[]" against Mr. Hinaman, the plaintiff in the Underlying Action.

However, the Court finds that the other Counts in the Complaint in the Underlying Action could state a claim for an "occurrence," as defined in the Policy, because said Counts would reasonably be interpreted to include a claim for damages resulting from "accidents" caused by Plaintiffs. For example, Count I states that Defendants committed "careless or negligent acts" that resulted in damage to the plaintiff in the Underlying Action. Therefore, Plaintiff would not be free of an obligation to defend or indemnify Defendants from Counts I, II, and IV of the Underlying Action, based solely on Plaintiff's argument that such Counts do not allege an "occurrence" as defined in the Policy.

### B. Whether the Underlying Lawsuit Alleges Damages resulting from "Expected or Intended Injuries"

Plaintiff next argues that it should not be required to defend or indemnify Defendants because the Policy specifically excludes liability for damages resulting from "expected or intended injuries." These injuries are defined in the Policy as:

> 'Bodily injury' or 'property damage', with respect to all 'insureds', which is <u>expected or intended</u> by an 'insured' even if the 'bodily injury' or 'property damage';
>
> a. Is of a different kind, quality or degree than initially expected or intended; or
>
> b. Is sustained by a different person, entity, real or personal property than initially expected or intended.

Pl. Ex. B at 17 (emphasis added).

The Court finds that all of the relevant Counts at issue in the Underlying Lawsuit allege damages resulting from injuries that are "expected or intended injuries" as defined in the Policy. As such, Plaintiff is not obligated by the Policy to defend or indemnify Defendant against such injuries. Specifically, Count I of the Underlying Complaint states that "Defendant Vincent Malcolm, Jr. openly and notoriously threatened injury to Plaintiff [and] otherwise posed a threat to Plaintiff which . . . . Vincent Malcolm, Sr., and Ernestine Malcolm <u>knew or should have known</u> that events were being set up that would cause serious bodily harm to Plaintiff." Underlying Lawsuit Compl. ¶¶ 8, 10 (emphasis added).

Count II of the Underlying Complaint states that "Defendants Vincent Malcolm, Sr. and Ernestine Malcolm, <u>although they well knew</u> the dangerous and violent propensities of their child, carelessly and negligently failed to restrain Defendant Vincent Malcolm, Jr." Id. ¶ 17 (emphasis added).

6

Count III of the Underlying Complaint states that "Defendants Vincent Malcolm, Sr. and Ernestine Malcolm had full knowledge that Defendant Vincent Malcolm, Jr. had previously committed acts of violence and that the acts indicated a persistent course of violent conduct." Id. ¶ 26 (emphasis added).

Count IV of the Underlying Complaint states that "Defendant Vincent Malcolm, Sr. knew or should have known of the violent propensities of Defendant Vincent Malcolm." Id. ¶ 35 (emphasis added).

As specified above, each of the above four Counts in the Underlying Complaint allege "expected or intended injuries" as defined in the Policy. Plaintiff asks this Court to accept, for the purposes of their summary judgment motion, these allegations are true. The plaintiff in the Underlying Lawsuit also alleges that the facts stated in their Complaint are true. Defendants do not contradict or dispute these alleged facts, such that default has been entered against Defendants in both this matter and the Underlying Lawsuit. Therefore, this Court accepts such allegations as true. Accordingly, since Defendants do not dispute that they committed "expected or intended injuries," Plaintiff will not be responsible for defending or indemnifying Defendants for such injuries under the Policy.

### C. Whether Plaintiff Complied with the Notice Requirements of the Policy

Plaintiff further argues that it should not be required to defend or indemnify Defendants because Defendants failed to satisfy certain "Conditions" for coverage, one of which is the requirement of prompt and adequate notice to Plaintiff of any claim pending against Defendants of which Defendants believe that they are entitled to coverage. Def. br. at ¶¶ 35-37. Specifically, the Policy issued by Plaintiff states that "We have no duty to provide coverage under this policy if your failure to comply with the following duties is prejudicial to us. . . . 1.

7

Give written notice to us or our agent as soon as is practical . . . ." Pl. Ex. B at 20-21.  The Court finds that Defendants have not complied with this notice requirement, as Defendants never provided notice to Plaintiff about the Underlying Lawsuit.  Instead, Plaintiff only discovered the Underlying Lawsuit after Mr. Hinaman's counsel in the Underlying Lawsuit notified Plaintiff of the lawsuit.  At this time, default had already been entered against each Defendant in the Underlying Lawsuit.  Pl. SUF ¶ 25.  Therefore, Defendants' failure to comply with the Policy was prejudicial to Plaintiff.  Accordingly, the Court finds that Plaintiff is not required to defend or indemnify Defendants against the Underlying Lawsuit.

## IV. CONCLUSION

For the reasons stated above, Plaintiff's motion for summary judgment is **GRANTED**. Accordingly, Plaintiff is declared free of any obligation or duty under the Policy to defend or indemnify Defendants for any claims or damages arising from the events described in the Underlying Lawsuit.  An appropriate Order shall issue.


Dated:  6/27/12                                                    /s/ Robert B. Kugler
                                                                            ROBERT B. KUGLER
                                                                            United States District Judge